UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ERIC SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REDBOX AUTOMATED RETAIL, LLC, a Delaware limited liability company; and MESSAGE MEDIUMS, LLC, an Illinois limited liability company,<br><br>Defendants. | No.<br><br>**COMPLAINT—CLASS ACTION** |

1. Plaintiff Eric Smith brings this class action complaint against Defendants Redbox Automated Retail, LLC ("Redbox") and Message Mediums, LLC ("Message Mediums") (collectively, "Defendants") to stop their practice of transmitting unauthorized text message calls to the cellular telephones of consumers and to obtain redress for all persons injured by Defendants' conduct. Plaintiff alleges as follows on personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

2. Wireless spam is a growing problem in the United States. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in

COMPLAINT—CLASS ACTION
Case No.

- 1 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 732-3752

the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones." In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone." Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010) at http://pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx.

3. In an effort to promote its automated media rental kiosks, Defendant Redbox engaged Defendant Message Mediums to conduct a solicitation by transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

4. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

5. In order to redress these injuries, Plaintiff brings suit under (i) the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), which prohibits unsolicited voice and text calls to cell phones; and the Washington Consumer Protection Act, RCW § 19.86.010 *et seq.* ("WCPA"), for Defendants' practice of transmitting and/or assisting in the transmission of electronic commercial text messages in violation of RCW § 19.190.060.

6. Plaintiff, individually and on behalf of all others similarly situated, seeks an injunction requiring Defendants to cease all wireless spam activities and an award of actual, statutory, and/or treble damages, together with expenses and reasonable attorneys' fees.

**PARTIES**

7. Plaintiff Eric Smith is a natural person and a resident of the State of Washington living in Seattle, Washington.

8. Defendant Redbox is a Delaware limited liability company, with its principal place of business located in Illinois. Redbox is a media rental company that does business

COMPLAINT—CLASS ACTION
Case No.                                       - 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

throughout the United States, Washington, and this District.

9. Defendant Message Mediums is an Illinois corporation with its principal place of business located in Illinois. Message Mediums is a mobile marketing company that provides mobile content delivery. It does business throughout the United States, including this District.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States and, further, pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply.

11. This Court has personal jurisdiction over Defendants because both Defendants conduct significant operations and sales in Washington, including soliciting consumer business and entering into consumer transactions. Further, the acts alleged in this complaint originated in Washington and in this District.

12. Venue is proper in this District under 28 U.S.C. § 1391(a) because Plaintiff's claims arose in this District; both Defendants transact significant business in this District, including soliciting consumer business and entering into consumer transactions either for their own account or on behalf of their customers; and the acts alleged in this complaint originated in this District.

## FACTS COMMON TO ALL COUNTS

13. In recent years, companies like Defendants have increasingly used "Short Message Service" alerts to distribute bulk advertisements directly to consumers' cellular telephones. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

14. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is

COMPLAINT—CLASS ACTION
Case No.

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 732-3752

1  successfully made, the recipient's cell phone alerts him or her that a call is being received.

2  15.   SMS calls can cost their recipients money because cell phone users must
3  commonly pay their respective wireless service providers either for each text message call they
4  receive or for a usage allocation deduction to their text-messaging plan, regardless of whether the
5  message is authorized.

6  16.   Over the course of an extended period beginning in at least 2010, Defendants
7  directed the mass transmission of wireless spam to the cell phones of consumers nationwide.

8  17.   For instance, during the relevant period, Defendants called Plaintiff's cellular
9  telephone number, which is assigned to a cellular telephone service for which Plaintiff incurs a
10  charge for incoming calls.

11  18.   The "from" field of such transmission was identified cryptically as "727272,"
12  which is an abbreviated telephone number known as an SMS short code and which is operated
13  by Defendants. The body of such text message read:

> Welcome to the Redbox Text Club! Get the Redbox iPhone & Android
> app @ http://ix.ly.rba. Msg&data rates may apply. Txt HELP 4info
> Txt STOP 2end.

17  19.   Shortly after receiving the above message, Plaintiff replied "STOP," thereby
18  indicating he did not provide any prior express consent to Defendants to send such text messages
19  to his cellular telephone and rescinding any such prior consent if it existed.

20  20.   Despite having expressly informed Defendants to discontinue the transmission of
21  text messages to his cellular telephone, Defendants sent yet another unsolicited text message to
22  Plaintiff that same day, which again originated from short code 727272 and read as follows:

> You are now unsubscribed from REDBOXALERTS, sorry to see you go.
> For more info, visit http://ix.ly/727272. Msg&data rates may apply.

25  21.   At no time did Plaintiff consent to the receipt of such text message calls from
26  Defendants.
27

COMPLAINT—CLASS ACTION
Case No.                                      - 4 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

## CLASS ALLEGATIONS

22. Plaintiff brings this action pursuant to Rule 23(a) and 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and three classes (the "Classes") defined as follows:

(i) Redbox Class: All persons in the United States and its Territories who received one or more unauthorized text-message solicitations on behalf of Redbox.

(ii) Message Mediums Class: All persons in the United States and its Territories who received one or more unauthorized text-message solicitations on behalf of Message Mediums.

(iii) Washington State Class: All Washington residents who received one or more unauthorized text-message solicitations on behalf of Defendants.

Excluded from the Classes are (1) Defendants, Defendants' agents, subsidiaries, parents, predecessors, and any entity in which Defendants or their parents have a controlling interest and its current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who timely request exclusion, (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released, and (5) the legal representatives, successors, or assigns of any such excluded person.

23. **Numerosity:** The exact numbers of the members of the Classes are unknown and not available to Plaintiff at this time, but on information and belief, there are thousands of individuals who fall within the definitions of the Classes, making joinder of each individual member impracticable. Ultimately, the members of the Classes will be easily identified through Defendants' records.

COMPLAINT—CLASS ACTION
Case No.
- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

24. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Classes. Plaintiff and other members sustained damages arising out of the wrongful conduct of Defendants—the same transmission of wireless spam to Plaintiff and the Classes.

25. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and they have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Classes.

26. **Commonality and Predominance:** Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members, including:

   a) whether Defendants' conduct constitutes a violation of the TCPA;

   b) whether Defendants' conduct constitutes a violation of the WCPA; and

   c) whether members of the Classes are entitled to treble damages based upon the willfulness of Defendants' conduct.

27. **Superiority:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Classes is impracticable. The damages suffered by the individual members of the Classes are small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct. Even if members of the Classes themselves could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer

COMPLAINT—CLASS ACTION
Case No.    - 6 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1  management difficulties and provides the benefits of single adjudication, economy of scale, and
2  comprehensive supervision by a single court. Economies of time, effort, and expense will be
3  fostered and uniformity of decisions will be ensured.

4       28.     **Policies Generally Applicable to the Classes:** This action is also appropriate for
5  class certification because Defendants have acted or refused to act on grounds generally
6  applicable to the Classes, thereby requiring the Court's imposition of uniform relief to ensure
7  compatible standards of conduct toward the members of the Classes and making final injunctive
8  relief appropriate with respect to the Classes as a whole. Defendants' policies challenged herein
9  apply and affect members of the Classes uniformly and Plaintiff's challenge of these policies
10 hinges on Defendants' conduct with respect to the Classes as a whole, not on facts or law
11 applicable only to Plaintiff.

12      29.     Plaintiff reserves the right to revise the foregoing "Class Allegations" and
13 "Definitions of the Classes" based on facts learned through discovery.

## COUNT I

### Violation of the Telephone Consumer Protection Act,
### 47 U.S.C. § 227

**(on Behalf of Plaintiff and the Redbox and Message Mediums Classes)**

30.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

31.     Defendants made unsolicited commercial text calls, including the messages transcribed above, to the wireless telephone numbers of Plaintiff and other members of the Redbox and Message Mediums Classes. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator and to dial such numbers. By using such equipment, Defendants were able to effectively send text messages simultaneously to thousands of wireless telephone numbers without human intervention.

COMPLAINT—CLASS ACTION
Case No.
- 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

32. The text calls were made *en masse* through the use of a short code and without the prior express consent of Plaintiff and the other members of the Redbox and Message Mediums Classes.

33. Defendants have, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' unlawful conduct, Plaintiff and the members of the Redbox and Message Mediums Classes have suffered actual damages by, *inter alia*, having to pay their respective wireless carriers for the text messages where applicable and, under 47 U.S.C. § 227(b)(3)(B), are entitled to, *inter alia*, a minimum of $500 in statutory damages for each such violation of the TCPA.

34. Should the Court determine that Defendants had knowledge that Plaintiff and the other members of the Redbox and Message Mediums Classes did not consent to the receipt of the wireless spam described above, the Court should, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Redbox and Message Mediums Classes.

## COUNT II

### Violation of the Washington Consumer Protection Act, RCW § 19.86.010 *et seq*.

**(on Behalf of Plaintiff and the Washington Class)**

35. Plaintiff incorporates by reference the foregoing allegations 1 through 30 as if fully set forth herein.

36. At all relevant times, Plaintiff has been a Washington resident and Plaintiff and the Washington Class have been entitled to the rights, protections, and benefits under the WCPA and other Washington statutes.

37. Defendants' practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiff and members of the Washington Class's cellular phones is a violation of RCW § 19.190.060.

COMPLAINT—CLASS ACTION
Case No.                                            - 8 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

38. Defendants' practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiff and members of the Washington Class's cellular phones does not fall within any exception allowed under RCW § 19.190.070.

39. By statute, Defendants' violations of RCW § 19.190.060 are per se violations of the WCPA.

40. Defendants' practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiff and members of the Washington Class's cellular phone is conduct that vitally affects the public interest and is an unfair or deceptive act in trade or commerce and an unfair method of competition.

41. Defendants conducted these practices in the scope of their trade and commerce and both Defendants conduct business in Washington.

42. The text calls were made *en masse* through the use of a short code and without the prior express consent of Plaintiff and the other members of the Washington Class and/or after Plaintiff and the other members of the Washington Class indicated that he or she was not willing to receive further commercial text messages from Defendants.

43. As a direct result of Defendants' violations of RCW § 19.190.060, Plaintiff and members of the Washington Class were injured in their business or property by, *inter alia*, having to pay their respective wireless carriers for the text messages where applicable and having the limited memory of their cellular phones exhausted by unwanted text messages. *See* RCW § 19.190.070.

44. Defendants' practices are emblematic of organization policies and agreements among the Defendants and others which have caused and, if unabated, will continue to cause incidents, occurrences, and conduct which violate RCW § 19.190.060 and the WCPA.

45. Plaintiff and members of the Washington Class are entitled to, *inter alia*, a minimum of $500 in statutory damages for each commercial electronic text message that Defendants sent to them in violation of RCW ch. 19.190. *See* RCW § 19.190.040(1). Under the WCPA, the Court may and should treble such damages.

COMPLAINT—CLASS ACTION
Case No.
- 9 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1  46. Plaintiff and members of the Washington Class also seek an injunction enjoining Defendants from sending wrongful commercial text messages.

47. Plaintiff and members of the Washington Class are further entitled to all attorneys' fees, expenses, and other damages as otherwise permitted.

## PRAYER FOR RELIEF

Plaintiff Eric Smith, individually and on behalf of the Classes, requests that the Court enter an order:

- A. Certifying this case as a class action on behalf of the Classes defined above;
- B. Awarding actual damages, statutory damages, and treble damages in amounts to be proved;
- C. Requiring Defendants to cease all wireless spam activities;
- D. Awarding reasonable attorneys' fees and expenses; and
- E. Awarding such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff demands a trial by jury of all matters so triable.

Dated: August 23, 2012         Respectfully submitted,

s/ *Cliff Cantor*
Cliff Cantor, WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel: (425) 868-7813
Fax: (425) 732-3752
Email: cliff.cantor@comcast.net

Counsel for Plaintiff

COMPLAINT—CLASS ACTION
Case No.                                    - 10 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 732-3752